993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodney ROY, Plaintiff-Appellant,
v.
CENTRAL STATE UNIVERSITY, State of Oklahoma, ex rel. Central
State University, now University of Central Oklahoma, Joyce
Mounce, individually and as Vice President of Administration
of Central State University, and Blanche Washington,
individually and as Director of Personnel of Central State
University, Defendants-Appellees.
 No. 92-6358.
 United States Court of Appeals, Tenth Circuit.
 May 10, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Rodney Roy was terminated from his employment as supervisor of the plumbing shop at the University of Central Oklahoma (previously called Central State University). He brought an action against the State of Oklahoma and University of Central Oklahoma alleging (1) violation of his civil rights under 42 U.S.C. § 1983, (2) conspiracy to violate his civil rights, and (3) breach of contract. Appellees removed the case to the United States District Court for the District of Oklahoma, and the court subsequently granted Appellees' motion for summary judgment. The issue raised on appeal is whether the district court erred in granting Appellees' motion for summary judgment on Appellant's breach of contract claim.
 
 
 3
 Appellant argues that he was terminated without just cause in violation of the terms of his employment contract. Appellees argue that he was employed at will. Although we note that whether or not Appellant was employed pursuant to an employment agreement is a genuine issue of material fact that would ordinarily make summary judgment inappropriate, the district court noted that even assuming Appellant's contention that he had a written employment contract, Appellant was properly terminated for cause pursuant to an established employment policy that permitted termination for fighting at work.
 
 
 4
 Appellant has not presented any material facts to dispute Appellees' contention that he was indeed fighting at work. Absent specific facts showing that there is a genuine issue for trial, the motion for summary judgment was properly granted. See Fed.R.Civ.P. 56(e); Bacchus Industries, Inc. v. Arvin Industries, Inc., 939 F.2d 887, 891 (10th Cir.).
 
 
 5
 Accordingly, the order of the District Court for the District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3